BRAUMANN v. VANDERPOEL.

(Supreme Court, Appellate Term. February 24, 1899.)

TENDER IN DISTRICT COURT—DISMISSAL.

    As there is no provision for tender in a district court after suit, it is error to dismiss complaint on a pleading of a tender without evidence to show that it was made before action brought.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Amanda Braumann against Augustus G. Vanderpoel. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

The pleadings in the court below were oral, the plaintiff complaining for services performed and materials furnished by a female other than a domestic. The answer was, "Tender $10.64, $2 costs, and 26 cents interest."

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Herman H. Shook, for appellant.
George Norris, for respondent.

FREEDMAN, P. J. The pleadings were oral, and the only issue raised arose on a plea of tender. No evidence concerning it was given, and, assuming there was some tender, it does not appear whether it was made before or after suit brought. This question should have been properly determined upon competent evidence, and a proper judgment rendered. If, then, the proof had shown that the tender was made before suit, and that it was sufficient, the judgment should have been rendered in defendant's favor. But, if the tender was made after suit brought, the plaintiff should have had judgment for the amount due her. This question was determined in Ellenstein v. Klee, 12 Misc. Rep. 112, 33 N. Y. Supp. 94, and under the decision of that case the dismissal of plaintiff's complaint in this case at bar was erroneous.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.